## Rodríguez *v.* Nogueras.

### Appeal from the District Court of San Juan.

No. 462.—Decided March 7, 1910

Appealable Order—New Trial—Cases Originating in Municipal Courts.—
Decisions of district courts denying motions for new trials, in cases originat-
ing in municipal courts, are not appealable to the Supreme Court.

Id.—Such orders are not to be considered judgments of district courts rendered
on appeal from a decision of an inferior court, according to subdivision two
of section 295 of the Code of Civil Procedure, which is the only provision
of law authorizing appeals in cases arising in courts inferior to district
courts.

The facts are stated in the opinion.

*Mr. José L. Pesquera* for appellant.

*Mr. José Oller Díaz* for respondent.

Mr. Justice Figueras delivered the opinion of the court.

It appears that Ventura Rodríguez sued José Nogueras
for a sum of money in the municipal court of Bayamón. The
municipal court dismissed the complaint. An appeal was
taken to the district court which held the proper trial and
arrived at the same conclusion and rendered the proper judg-
ment to that effect.

Some days after the rendition of said judgment the plain-
tiff, Rodríguez, filed a motion for a new trial on the ground
of newly discovered evidence which he could not, with reason-
able diligence, have discovered and produced at the trial,
basing his motion on the provisions of the third subdivision of
section 221 of the Code of Civil Procedure.

After the hearing on the motion the Judge of the First
Section of the District Court of San Juan dismissed it on
October 6, 1909—that is to say, he denied the new trial applied
for.

The plaintiff, Ventura Rodríguez, took an appeal from this
decision to this Supreme Court.

We must rememeber that this case proceeds originally
from a municipal court and must therefore consider whether

this decision of the District Court of San Juan, denying a new trial, may be appealed to this court or not.

We believe that it is not appealable, because what is involved here is not "a judgment of a district court rendered on an appeal from an inferior court," according to the second subdivision of section 295 of the Code of Civil Procedure, which is the only provision authorizing these appeals in matters originating in courts inferior to district courts.

This provision authorizes appeals only when a judgment rendered by a district court on appeal is involved—that is to say, when a final decision on the rights of the parties in the action initiated in the municipal court is involved.

The decision appealed from is not included in this case and it must be held that the appeal does not lie, with the costs against the appellant.

*Dismissed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.